UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO DOMENIC REALI, | No. 2:17-cv-422-EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 20. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

PROCEDURAL HISTORY

Plaintiff filed an application for DIB on October 10, 2013, alleging that he had been disabled since March 1, 2013. Administrative Record ("AR") at 176-179. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 66-77, 78-90. On July 24, 2015, a hearing was held before administrative law judge ("ALJ") Plauche F. Villere Jr., at which plaintiff was represented by counsel. *Id.* at 35-65. After the hearing, written responses to interrogatories were obtained from a vocational expert. *Id.* at 269-274 and 275-278.

1

On September 9, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 22-30. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since March 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).

\* \* \*

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: degenerative joint disease and osteoarthritis of the bilateral knees and left wrist, degenerative disc disease, chronic obstructive pulmonary disease (COPD), and obesity (20 CFR 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally push and pull with the left upper extremity; frequently balance, stoop, and climb stairs and ramps; occasionally kneel, crawl, climb ladders, ropes, and scaffolds, and handle with the left upper extremity. He should avoid concentrated exposure to hazards such as machinery and heights, and should avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants. Finally, his reading and writing is limited to simple tasks.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born [in] 1961 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2013, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 24-30.

Plaintiff's request for Appeals Council review was denied on December 21, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred by: (1) failing to offer clear and convincing reasons for rejecting plaintiff's testimony; (2) considering evidence that had never been reviewed by a medical expert; (3) failing to give reasons for rejecting portions of Dr. Selcon's opinion that plaintiff could stand and walk for only "up to six hours" in an eight hour workday; and (4) rejecting statements from plaintiff's wife and former co-worker because they were non-specific as to plaintiff's maximum capabilities. For the reasons that follow, the court finds that the ALJ failed to articulate clear and convincing reasons for rejecting plaintiff's testimony and such failure constitutes reversible error. The court declines to reach plaintiff's remaining arguments.

In evaluating a plaintiff's testimony regarding subjective pain or symptoms, an ALJ must follow a two-step analysis. First, the ALJ must determine whether the plaintiff has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). At this step, "the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). "If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she [or he] gives specific, clear and convincing reasons for the rejection." *Id.* "[F]or the ALJ to reject the claimant's complaints, the ALJ must provide specific, cogent reasons for the disbelief." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotations and quotation marks omitted).

In his decision, the ALJ stated that:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

AR at 26. The ALJ did not, however, support this finding by specifically identifying what portions of plaintiff's testimony was not credible. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ must provide clear and convincing reasons to reject a claimant's subjective testimony, by specifically identifying what testimony is not credible and what evidence undermines the claimant's complaints.") (internal quotation marks omitted) (citing *Lester*, 81 F.3d at 834). Instead, the ALJ's decision goes on to offer a bare summary of the medical evidence supporting his residual functional capacity determination. AR at 27-28. The Ninth Circuit has specifically held that this is not legally sufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding

the claimant's symptom testimony not credible."). And this error cannot be deemed harmless. The court in *Brown-Hunter* held that such errors are not "inconsequential to the ultimate nondisability determination" insofar as they prevent reviewing courts from discerning what path the agency took in reaching its conclusion. *Id.* at 494-95.

The Commissioner argues that the ALJ's citations to medical evidence were legally sufficient to discount plaintiff's subjective testimony. Specifically, she argues that "[t]he ALJ found that Plaintiff's statements regarding his COPD were not fully reliable because he received minimal treatment and was not complaint with his medical treatment." ECF No. 20 at 8. And, with respect to plaintiff's musculoskeletal pain, the Commissioner points to the ALJ's finding that "Plaintiff complained of knee pain, but x-rays only showed a mild progression of the degenerative changes in his knee." *Id.* at 8-9. But overlooked by this argument is the ALJ's failure to specifically identify the portions of plaintiff's testimony that were inconsistent with these medical summations. And the court cannot make the blanket inference that the ALJ was rejecting plaintiff's testimony only to the extent it was inconsistent with the cited medical evidence. *See Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[T]he government argues that we can reasonably infer that the ALJ rejected [plaintiff's] testimony to the extent it conflicted with that medical evidence. But we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.").

The Commissioner also characterizes plaintiff's interpretation of *Brown-Hunter* as "mechanistic." ECF No. 20 at 9.[2] But regardless of how rigid the Commissioner views the interpretation, the Ninth Circuit's holding *Brown-Hunter* must be taken to mean what it says. The circuit has spoken directly to the circumstances in this case and made clear that, when they arise, reversal is mandated.

/////

---

[2] In a footnote, the Commissioner lists a number of district court cases which upheld ALJ decisions where the "ALJ follows a general statement with a specific discussion of the record." ECF No. 20 at 9 n. 2. It may be that other district courts, confronted with ALJ decisions that do not directly run afoul of *Brown-Hunter*, have found legitimate cause to uphold those decisions. This court's analysis, however, begins with the binding authority announced by this circuit. Where it directly speaks to an issue – as it does here – the court need not look further afield.

6

The only remaining question is whether to remand for additional administrative proceedings or the award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). The court cannot say that additional proceedings would have no utility in the present case. That the ALJ failed to provide sufficient reasons for discounting plaintiff's subjective testimony in this instance does not compel a finding that he is *unable* do so. Additionally, the potential generation of additional medical evidence in the intervening years may prove enlightening. *See Treichler*, 775 F.3d at 1101 (additional proceedings have utility where "there is a need to resolve conflicts and ambiguities, . . . or the presentation of further evidence . . . may well prove enlightening in light of the passage of time.") (internal quotations and quotation marks omitted).

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is DENIED;

3. This matter is REMANDED for further administrative proceedings; and

4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 12, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE